IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02168-REB-MJW

VICTOR VIRGILIO JONES,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**RECOMMENDATIONS ON
(1) PLAINTIFF'S "SHOW OF CAUSE 2 AND MOTION TO SET ASIDE STIPULATION TO DISMISS [sic]" (DOCKET NO. 67),
(2) PLAINTIFF'S MOTION TO DISMISS (WITHOUT PREJUDICE) (DOCKET NO. 53),
(3) PLAINTIFF'S SECOND MOTION TO DISMISS/CHANGE OF VENUE (DOCKET NO. 57),
AND
(4) PLAINTIFF'S LETTER TO THE COURT SEEKING DISMISSAL WITHOUT PREJUDICE AND TO ALLOW HIM TO GO TO TAX COURT (DOCKET NO. 60)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on July 2, 2009, on the Pro Se Plaintiff's "Show of Cause 2 and Motion to Set Aside Stipulation to Dismiss [sic]" (docket no. 67). The court has reviewed the subject motion (docket no. 67), the Response (docket no. 69) thereto, and the Response (reply) to Defenses' Argument [sic] (docket no. 70). Also before the court are Plaintiff's Motion to Dismiss (without prejudice) (docket no. 53), Plaintiff's Second Motion to Dismiss/Change of Venue (docket no. 57), and Plaintiff's Letter to the court seeking dismissal without prejudice and to allow him to go to Tax Court (docket no. 60). The court has taken judicial notice of the court's file

Case 1:08-cv-02168-REB-MJW   Document 72   Filed 07/06/09   USDC Colorado   Page 2 of 6

and applicable Federal Rules of Civil Procedure and case law.  In addition, the court has considered the Pro Se Plaintiff's exhibit one and oral argument by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That a court must apply state contract law to issues involving the formation, construction, and enforcement of a settlement agreement.  United States v. McCall, 235 F.3d 1211, 1215 (10th Cir. 2000).  A party cannot avoid the terms of a settlement agreement simply because he has changed his mind.  Woods v. Denver Dep't of Revenue, 45 F.3d 377, 378 (10th Cir. 1995);

5. That the Pro Se Plaintiff does not dispute the terms of the Settlement Agreement, but rather he seeks to set aside the Settlement Agreement based upon three factual allegations: (1) that he was given false information by Magistrate Judge Watanabe in the February 12, 2009, Settlement Conference; (2) that he was under severe distress when he agreed to the terms

3

of the February 12, 2009 Settlement; and (3) that his "IMF transcript" contains false or faulty information.  *See* docket 67 at page 5;

6. That the Pro Se Plaintiff has failed to demonstrate that Magistrate Judge Watanabe provided false information to the Pro Se Plaintiff at the February 12, 2009 Settlement Conference.  The Pro Se Plaintiff's argument that he is not subject to a federal lien or levy based on federal income tax deficiency because of his Colorado State citizenship is without merit.  See James v. United States, 970 F.2d 750, 755 n. 9 (10th Cir. 1996) (calling "frivolous" the argument that one must be an officer, employee, or elected official of the United States or the District of Columbia to be subject to an IRS levy under 26 U.S.C. § 6331(a)).  See also previous Recommendation of U.S. Magistrate Judge Schlatter in the case of Victor Virgilio Jones v. Cooper, 04-cv-01678-LTB-OES;

7. That the Pro Se Plaintiff's contention that he was misled as to his "IMF transcript" is without merit.  The Pro Se Plaintiff did not receive his "IMF transcript" until he had already decided not to comply with the terms of the Settlement Agreement that was reached at the Settlement Conference on February 12, 2009, and such Settlement Agreement was placed on the record that day.  The IMF transcript did not cause the Pro Se Plaintiff's noncompliance with the Settlement Agreement and Court Order.  At the Show Cause

4

Hearing on May 8, 2009, the Pro Se Plaintiff admitted that he did not receive the IMF transcript until March 26, 2009 (a full two weeks after the deadline had expired for the Pro Se Plaintiff to comply with the Court ordered submission of the stipulated motion to dismiss). Accordingly, the Pro Se Plaintiff's arguments of fraud and being provided misleading information are both baseless. See record made in open court by Magistrate Judge Watanabe on February 12, 2009 (docket no. 52), and May 8, 2009 (docket no. 66);

8. That under Colorado law, in order to show duress, the Pro Se Plaintiff must show an unlawful threat or other improper means, so that the other party's will "was so taken away that he could not properly enter into [the] contract." Wiesen v. Short, 604 P.2d 1191, 1192 (Colo. App. 1979). Here, the Pro Se Plaintiff has failed to demonstrate that Magistrate Judge Watanabe had forced him or threatened him to settle his case. In fact, the opposite is true. See record made in open court by Magistrate Judge Watanabe on February 12, 2009 (docket no. 52); and

9. That a trial court has the power, while a case is pending before it, to enforce the agreement of the parties. United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). Here, the court concludes that the Pro Se Plaintiff has failed to demonstrate any basis in law or fact to set aside the Settlement Agreement that the parties

5

entered into on February 12, 2009, at the Settlement Conference.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That the Pro Se Plaintiff's "Show of Cause 2 and Motion to Set Aside Stipulation to Dismiss [sic]" (docket no. 67) be **DENIED**;

2. That the court dismiss this case with prejudice based upon the Settlement Agreement entered into between the parties on February 12, 2009;

3. That Plaintiff's Motion to Dismiss (without prejudice) (docket no. 53), Plaintiff's Second Motion to Dismiss/Change of Venue (docket no. 57), and Plaintiff's Letter to the court seeking dismissal without prejudice and to allow him to go to Tax Court (docket no. 60) thus be denied as moot; and

4. That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of**

6

**both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 6th day of July 2009.

                                            BY THE COURT

                                            <u>S/ Michael J. Watanabe</u>
                                            MICHAEL J. WATANABE
                                            U.S. MAGISTRATE JUDGE